UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| United States of America,<br><br>v.<br><br>Mahr Ahmed,<br><br>Defendant. | C.A. No. 1:25-cr-91-AEM-1 |

**MEMORANDUM AND ORDER**

AMY E. MOSES, United States Magistrate Judge.

This matter is before the Court on a Motion to Dismiss (ECF No. 52) filed by the Defendant, Mahr Ahmed. Also before the Court are two related filings, titled "Counsel's Musings" (ECF No. 47) and "Second Musing" (ECF No. 59). For the following reasons, the Court DENIES Mr. Ahmed's Motion to Dismiss and, insofar as they are construed as motions, DENIES both "Musings."

## I. BACKGROUND

Mr. Ahmed was charged in a Superseding Information with the misdemeanor offense of introducing misbranded drugs into interstate commerce in violation of 21 U.S.C. §§ 331(a) and 333(a)(1). ECF No. 23 at 4–5. The Government also sought to have him forfeit substitute property pursuant to 21 U.S.C. § 334, 28 U.S.C. § 2461(c), and 21 U.S.C. § 853(p). *Id.* at 5–6. On January 29, 2026, Mr. Ahmed signed a plea agreement identifying the maximum statutory penalties for the offense to which he pleaded guilty as including "a fine of $100,000." ECF No. 25 at 5–6. On February 27,

2026, he consented to proceed before a Magistrate Judge, ECF No. 28, and pleaded guilty.

Thereafter, Mr. Ahmed challenged the Government's authority for forfeiture in a letter to the U.S. Probation Officer who prepared his Presentence Investigation Report ("PSR") and in a sentencing memorandum. *See* ECF No.40 at 3–4. Following briefing and argument, the Court issued a Memorandum and Order denying the Government's Motion for an Order of Forfeiture. ECF No. 51.

## II. COUNSEL'S MUSINGS

Mr. Ahmed's first "Counsel's Musings," which does not appear to have been filed pursuant to any identifiable Federal Rule of Criminal Procedure and does not ask the Court for any specific remedy, takes issue with the PSR's identification of the maximum fine for his offense as $100,000. ECF No. 47 at 2–3.[1] According to Mr. Ahmed, under 21 U.S.C. § 333(a)(1), a person charged with a first-time violation of 21 U.S.C. § 331 faces a maximum fine of $1,000, not $100,000. ECF No. 47 at 2. While acknowledging that 18 U.S.C. § 3571(b)(5) authorizes a maximum $100,000 fine for Class A misdemeanors, he argues that § 3571(d) operates as an exception in cases such as his where doing so would "unduly complicate or prolong the sentencing process." *Id.* He further argues that under § 3571(e), the $100,000 maximum does

[1] Mr. Ahmed's filing also includes a brief discussion of procedural issues related to criminal forfeiture. *See* ECF No. 47 at 1. Those issues were addressed in the Court's order denying forfeiture in this case. *See* ECF No. 51.

not apply because the applicable guideline for his offense establishes a maximum fine of up to $9,500. *Id.*[2]

To the extent that Mr. Ahmed's Counsel's Musings constitute an objection to the maximum $100,000 fine applicable in his case—which, as noted above, was expressly included within his plea agreement—that objection is meritless. 21 U.S.C. § 333(a)(1) provides for a maximum term of imprisonment of one year for the offense Mr. Ahmed pleaded guilty to, making that offense classified as a Class A misdemeanor under 18 U.S.C. § 3559(a)(6). 18 U.S.C. § 3571(b)(5), which post-dates 21 U.S.C. § 333(a)(1), provides for a maximum fine of $100,000 for Class A misdemeanors. 18 U.S.C. § 3571(e) provides that this $100,000 maximum fine applies unless the law setting forth the offense "by specific reference, exempts the offense from the applicability of the fine otherwise applicable under this section[.]" 21 U.S.C. § 333(a)(1) does *not* specifically exempt Mr. Ahmed's offense from the $100,000 maximum fine, and the fact that the applicable sentencing guideline provides for a lower fine does not render an above-guideline fine unlawful. *See United States v. Facteau*, 89 F.4th 1, 44–45 (1st Cir. 2023).

Turning to Mr. Ahmed's argument regarding 18 U.S.C. § 3571(d), that subsection is titled "Alternative fine based on gain or loss" and provides the following:

> If any person derives pecuniary gain from the offense, or if the offense results in pecuniary loss to a person other than the defendant, the defendant may be fined not more than the greater of twice the gross gain

[2] Mr. Ahmed also contends that the Probation Officer had a duty to notify him that it was relying on 18 U.S.C. § 3571. ECF No. 47 at 3. The Probation Officer addressed this in the Third Addendum to the Presentence Report. *See* ECF No.55-1.

> or twice the gross loss, unless imposition of a fine under this subsection would unduly complicate or prolong the sentencing process.

Mr. Ahmed misreads this as an "exemption" to the maximum fine set forth in § 3571(b)(5). Instead, by its own terms, this subsection is an "[a]lternative" means to calculate a fine in certain cases. While Mr. Ahmed contends that a fine under § 3571(d) would "unduly complicate or prolong the sentencing process," if that were true then the Court could avoid complications by imposing the default maximum fine set forth by § 3571(b)(5): that is, $100,000.

## III. MOTION TO DISMISS AND SECOND MUSING

In his Motion to Dismiss and memorandum in support thereof, Mr. Ahmed contends that under 21 U.S.C. § 333(c), the Court should not impose any penalty on him despite his guilty plea. ECF Nos. 52; 53. That subsection, in relevant part, provides the following:

> No person shall be subject to the penalties of subsection (a)(1) of this section, (1) *for having received in interstate commerce* any article and delivered it or proffered delivery of it, if such delivery or proffer was made in good faith, unless he refuses to furnish on request of an officer or employee duly designated by the Secretary the name and address of the person from whom he purchased or received such article and copies of all documents, if any there be, pertaining to the delivery of the article to him . . . .

21 U.S.C. § 333(c) (emphasis added). According to Mr. Ahmed, he acted in good faith "as is evidenced by his voluntary reporting and assistance in the recovery of additional packets containing sildenafil which were in his possession and because of his willingness too [sic] cooperate," and he has not "refused to furnish on request" the information identified by § 333(c). ECF No. 53. Mr. Ahmed's counsel's "Second

Musing" clarifies that Mr. Ahmed "does not seek to withdraw his plea" and that he "only invokes the mandatory provisions" of § 333(c). ECF No. 59.

In its Opposition to Mr. Ahmed's Motion to Dismiss, the Government responds that 21 U.S.C. § 333(c) is inapplicable here because Mr. Ahmed was not charged with having "received in interstate commerce" misbranded drugs. ECF No. 68 at 7.[3] The Court agrees. Laying aside the question of whether Mr. Ahmed can invoke § 333(c) as a defense to a crime to which he has already pleaded guilty,[4] the Government is correct that the charge against Mr. Ahmed, as contained in the Superseding Information, is that he "did introduce and deliver for introduction into interstate commerce" misbranded drugs. ECF No. 23 at 5. The "good faith" defense outlined in § 333(c) applies, by its own terms, in cases where a defendant would otherwise be subject to the penalties of § 333(a)(1) "for having *received* in interstate commerce" misbranded drugs, as prohibited under 21 U.S.C. § 331(c). (Emphasis added). It is plainly inapplicable here, where Mr. Ahmed pleaded guilty to having *introduced* into interstate commerce misbranded drugs, as prohibited under 21 U.S.C. § 331(a).

---

[3] Notwithstanding Mr. Ahmed's representation that he does not seek to withdraw his guilty plea, the Government also argues that, to the extent that his Motion to Dismiss be construed as a motion to withdraw his plea, that request should be denied. ECF No. 68 at 4–7. Given Mr. Ahmed's representation, the Court need not address that argument at this time.

[4] "It is clear that a plea of guilty to an indictment is an admission of guilt and a waiver of all non-jurisdictional defects." *Acevado-Ramos v. United States*, 961 F.2d 305, 308 (1st Cir. 1992); *see also United States v. Broce*, 488 U.S. 563, 573 (1989).

## IV. CONCLUSION

For the reasons explained above, Mr. Ahmed's Motion to Dismiss (ECF No. 52) is DENIED. To the extent his Counsel's Musings (ECF No. 47) and Second Musing (ECF No. 59) may be construed as motions, they are DENIED as well.

IT IS SO ORDERED.

Amy E. Moses
United States Magistrate Judge

October 28, 2026